ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ          1412
DELLA A. BELATTI     7945
BRONSON AVILA        9436
820 Mililani Street, Suite 714
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:   (808) 545-3608

Attorneys for Plaintiff
HYUN JU PARK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HYUN JU PARK, | CIVIL NO. 17-00142 ACK-KSC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT |
| vs. | |
| CITY AND COUNTY OF HONOLULU; ANSON KIMURA; STERLING NAKI; JOSHUA OMOSO; DOE ASSOCIATIONS 1-5; and JOHN and/or JANE DOES 1-10, | |
| Defendants. | Trial:   July 10, 2018 |

## FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Before the undersigned Magistrate Judge, on reference from the District

Court, is "Plaintiff's Motion for Approval of Settlement Agreement," filed by

Plaintiff HYUN JU PARK (hereinafter "Plaintiff") on July 24, 2017.  (Doc. 41.)

For the reasons stated below, it is recommended that the motion be **GRANTED**.

## I.    <u>BACKGROUND</u>

On March 30, 2017, Plaintiff filed the instant lawsuit against Defendants

CITY AND COUNTY OF HONOLULU, ANSON KIMURA (hereinafter

"KIMURA"), STERLING NAKI, and JOSHUA OMOSO for injuries Plaintiff is

alleged to have sustained while employed at King's Sports Bar & Grill.  (Doc. 1.)

As a result of the injuries sustained, Plaintiff received worker's compensation

payments from her employer's insurance company, Plaintiff-Intervenor DONGBU

INSURANCE CO., LTD. (hereinafter "DONGBU"), which filed a "Motion for

Intervention" on June 2, 2017.[1]  (Doc. 25.)

On or before July 24, 2017, Plaintiff reached an arm's length settlement

agreement on all claims against KIMURA.  ("Declaration of Bronson Avila," Doc.

41-2 at ¶ 9.)  Plaintiff's counsel subsequently informed DONGBU of the tentative

settlement agreement with KIMURA and requested authority to accept the

settlement.  ("Declaration of Counsel," Doc. 54-1 at ¶ 2.)  On August 8, 2017,

Plaintiff's counsel was provided written confirmation of DONGBU's consent to

the settlement agreement, based upon an agreed split of the settlement value.  (Doc.

54-2.)

---

[1] DONGBU's Motion for Intervention was granted on August 31, 2017.  (Doc. 52.)

At the hearing on Plaintiff's motion on September 28, 2017, the settling parties—Plaintiff, KIMURA, and DONGBU—represented to the Court that the terms and conditions of the settlement are set forth in the "Release and Indemnification Agreement," attached as Exhibit "A" to "Defendant Anson Kimura's Substantive Joinder in Motion for Determination of Good Faith Settlement." (Doc. 43-3.) As KIMURA has no other available assets, the consideration paid as a condition of settlement is equivalent to KIMURA's homeowner's insurance policy limits of $300,000.00. ("Declaration of J. Patrick Gallagher," Doc. 43-2 at ¶¶ 2-4.) The settling parties have agreed that the settlement is to be divided in three equal shares among Plaintiff, Plaintiff's counsel, and DONGBU. (Doc. 54-2.)

## II.   LAW AND ANALYSIS

In order to certify that a settlement is in "good faith," the Court must examine the "totality of the circumstances" giving rise to the settlement. Troyer v. Adams, 102 Hawai'i 399, 77 P.3d 83 (2003). In reaching its determination,

> the trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial . . . ; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other

evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 427, 77 P.3d at 111.

Having considered the Troyer factors in relation to the pertinent records and files in this case, together with the written and oral arguments of counsel, the Court finds that, under the totality of the circumstances, the settlement agreement reached between Plaintiff, KIMURA, and DONGBU (1) is fair and reasonable, (2) was made in good faith, and (3) was entered into without collusion or wrongful conduct between the settling parties or their counsel.

## III.    RECOMMENDATION

Based on the foregoing, the Court recommends that "Plaintiff's Motion for Approval of Settlement Agreement" be **GRANTED**.  The Court declines to rule about whether KIMURA should be included on the verdict form and remain as a nominal party for the purpose of apportionment, as such an issue is more appropriately presented to the trial judge.

DATED:  Honolulu, Hawaii, October 3, 2017.



Kevin S.C. Chang
United States Magistrate Judge